In Re WATERS OF THE HUMBOLDT RIVER STREAM SYSTEM

TAYLOR Et Al. *v.* RUDDELL Et Al.

No. 2953

February 3, 1932.                    7 P. (2d) 813.

*Hawkins, Mayotte & Hawkins,* for Respondents:

*John A. Jurgenson* and *Cooke & Stoddard,* for Appellants:

## OPINION

By the Court, DUCKER, J.:

On June 27, 1930, John G. Taylor, T. C. Johnson, Chris Hansen, Baker & Hart, a copartnership, C. & L. Arobio, Alice Taylor, and Ada Kafader, filed their petition in the matter of the determination of the relative

rights of claimants and appropriators of the waters of the Humboldt River stream system and its tributaries, then pending in the district court of Humboldt County, Nevada. In their petition they asked, among other things, that they be adjudged to be tenants in common with W. C. Ruddell to the Last Chance or Irish-American dam and canal, and all water diverted by said dam from the Humboldt River and flowing or to flow in said canal or ditch, situated in Lovelock Valley, Pershing County, Nevada.

Appellants, W. C. Ruddell and Ruth Ruddell, demurred to the petition and also noticed a motion to strike it from the files. The demurrer was overruled, and the motion denied. One of the appellants filed an answer, and respondents filed their reply thereto. The issues were heard by the court on December 9, 1930. On January 2, 1931, the court filed its decision in the said Humboldt River adjudication suit. This appeal is from that part of the said decision pertaining to the relative rights of the parties herein to the use of the waters of the Humboldt River flowing or to flow into the said Last Chance or Irish-American canal and to the diverting works and works necessary to conduct said water to the places of use. The notice of appeal, omitting the names of the state officers and parties to whom addressed, reads as follows:

"You will please take notice that W. C. Ruddell, Sr., W. C. Ruddell and Ruth Ruddell hereby appeal to the Supreme Court of the State of Nevada from that portion or part of the judgment herein rendered in the above-entitled Court on December 31, 1930, reading as follows:

" 'Irish-American or Last Chance Ditch System. It is my opinion that the findings will show the dates of priority fixed by the State Engineer in said Order of Determination for appropriators or claimants of water from the Humboldt River, diverted and applied by or through the Last Chance or Irish - American dam, ditch or canal in the Lovelock Valley, Pershing County, Nevada, be, and the same are hereby approved, with

the modification that such priorities begin March 15th of each year; that, as among themselves, the appropriators or claimants to the waters of said Humboldt River, diverted and applied by or through said Last Chance or Irish-American dam, ditch or canal, are tenants in common in and to the diverting works and works necessary to conduct the water to the places of use, and in and to the water to be, and which has heretofore been, diverted and conducted to the places of use; that there is no priority, as among such appropriators or claimants, on or to the waters so diverted from said Humboldt River or to any of such waters flowing in said Last Chance or Irish-American canal or ditch; that W. C. Ruddell, Sr. and all persons claiming rights or interest under or through said W. C. Ruddell, Sr., have no right to divert from said canal or ditch any greater part than 1/4th or 16.64th of the waters flowing or to flow therein, and that the balance of all such waters flowing or to flow therein at the partition gate or weir constructed in said Last Chance or Irish-American canal, and at the head of said Ruddell ditch, shall flow unobstructed down said canal to the points of diversion of the other tenants in common, petitioners named in that certain petition filed June 7, 1930.' "

"Said judgment being followed by entry of final decree as to such part or portion hereby appealed from, filed herein on June 17, 1931.

"Said final decree filed herein on June 17, 1931 being in favor of petitioners John G. Taylor, T. C. Johnson, Chris Hansen, Baker & Hart, a copartnership, C. & L. Arobio, Alice Taylor and Ada Kafader and against said W. C. Ruddell, Sr., W. C. Ruddell and Ruth Ruddell."

The foregoing notice of appeal was filed on June 29, 1931, and on June 30, 1931, an undertaking on appeal was filed. Prior to the taking of the appeal the trial court had made findings of fact and conclusions of law, and had entered a decree as to the issues made by the said petition, answer, and reply herein.

The matter is now before this court on motions to strike various papers appearing in what purports to be

the record on appeal, to dismiss the appeal, and for the affirmance of the decree entered June 17, 1931.

■ It will be unnecessary to consider the motion to strike the various papers designated in the notice of that motion, as we are satisfied that the appeal must be dismissed. It will be observed that the appeal is from a part of the judgment rendered in the main Humboldt River adjudication suit on December 31, 1930. It was therefore taken prematurely. By the provisions of the civil practice act, an appeal may be taken from a final judgment in an action or special proceeding within six months after the rendition of such judgment. Section 8885, N. C. L.; Cal. State Tel. Co. v. Patterson, 1 Nev. 150; Coleman v. Moore & McIntosh, 49 Nev. 139, 241 P. 217. But the right to appeal in a proceeding of this kind is expressly conferred by the provisions of the water law. That part of section 36 of the water law (Stats. 1913, c. 140, as amended by statutes of 1915, c. 253, p. 381, sec. 6), providing for a decree and appeal therefrom, reads: "After the hearing, the court shall enter a decree affirming or modifying the order of the state engineer. Upon the hearing the court may assess and adjudge against any party such costs at it may deem just and equitable, or may assess the costs in proportion to the amount of water right allotted. Appeals from such decree may be taken to the supreme court by the state engineer or any party in interest, in the same manner and with the same effect as in civil cases."

■ From the foregoing it appears quite clearly that an appeal will not lie in a proceeding for the determination of the relative rights to use of the waters of a stream or stream system until the decree is entered. The appeal taken in this case from the judgment rendered December 31, 1930, is not effective.

■ The motion to dismiss is granted. The motion for an affirmance of the decree is denied. This court could not in any event affirm a judgment or decree when no appeal has been perfected.