# RUDDELL *v.* SIXTH JUDICIAL DISTRICT COURT, IN AND FOR HUMBOLDT COUNTY

### No. 2986

January 5, 1933.                    17 P. (2d) 693.

*Hawkins, Mayotte & Hawkins,* for Respondent:

*Cooke, Stoddard and Jurgenson,* for Petitioner:

## OPINION

By the Court, COLEMAN, J.:

This is an original application for a writ of certiorari. The petition avers that applicant is now and for more than forty years last past has been an appropriator of water from the Humboldt River and has diverted water therefrom through the Irish-American ditch for the purposes of irrigation, stock watering, and domestic use, pursuant to proof No. 0068, as appears from the State Engineer's Order of Determination in the Matter of the Determination of the Relative Rights of Claimants and

Appropriators of the Waters of the Humboldt River Stream System and its Tributaries, filed in the Sixth Judicial District Court of the State of Nevada, in and for Humboldt County, on January 17, 1923; that thereafter the presiding judge entered an order fixing the 2d day of April, 1923, as the time for hearing of exceptions to the said order of determination, and that notice thereof be given, as provided by law; that no exceptions were filed against the claim of petitioner, as allowed by the state engineer in his said order of determination; and that thereafter the said matter of the determination of the relative rights of the water users of the Humboldt River stream system and its tributaries was heard and argued, and on the 1st day of February, 1926, was, by order of said presiding judge, submitted for consideration and determination.

It is further averred in said application that thereafter and on June 5, 1930, John G. Taylor, F. E. Baker, J. H. Hart, Chris Hansen, Alice Taylor, Ada E. Kafader, L. Arobio, C. Arobio, and T. C. Johnson filed a verified petition in said cause and proceeding, wherein it is averred that the said parties last named and the applicant herein, W. C. Ruddell, Sr., for more than forty years have been tenants in common in and to the diverting works necessary to conduct the water of the Humboldt River in and upon certain lands, and in and to such water diverted from said river by and through said ditch; that notwithstanding the objections, demurrer and motion to strike said petition of Taylor and others, made and interposed by applicant, the said presiding judge, after a hearing, on June 17, 1931, made and entered his findings of facts, conclusions of law, and judgment and decree, which in form finally adjudicates and determines the relative rights of the said Taylor and others and this applicant in and to the waters of the Humboldt River stream system and its tributaries, which judgment and decree is in favor of said petitioners Taylor and others and against this applicant; that on October 20, 1931, the said presiding judge made and entered and filed in said court a further and final decree in the

same cause; that the said last mentioned decree is a decree which adjudicates all of the relative rights of all of the claimants named in said order of determination to the waters of the said Humboldt River stream system and its tributaries "and in so far as the matters and things alleged in said petition of Taylor and others are concerned, is in favor of your applicant and affiant and against said petitioners John G. Taylor et al."; that said Taylor and others, nor any of them, has appealed from said final decree of October 20, 1931, nor moved to amend, modify, or correct said last mentioned final decree in so far as the subject matter of their said petition is concerned; and that the time allowed by law to so appeal or move expired on April 19, 1932.

The application avers that the respondent court was without jurisdiction and exceeded its jurisdiction in entertaining, hearing, and determining the said petition of the said Taylor and others, or any issue or issues tendered to it by said petition, in that the water law of the State of Nevada, pursuant to which said court acquired jurisdiction in said matter, is a statutory proceeding, and that the same does not provide for the proceeding sought to be initiated by the filing of the petition of the said Taylor and others.

■ The respondents have moved to quash and to dismiss these proceedings for the reason, among others, that it does not appear from the application for the writ that applicant has no right of appeal, nor any plain, speedy, and adequate remedy.

The motion to dismiss and to quash must be denied for the reason that the so-called judgment of June 17, 1931, was not a judgment from which an appeal might be taken. In Re Waters of Humboldt River Stream System, 54 Nev. 115, 7 P.(2d) 813. And since the final decree entered on October 20, 1931, was not adverse to applicant he had no appeal therefrom, since it is only an aggrieved party who can appeal. Section 8883 N. C. L.

■ We pointed out in Re Water Rights in Humboldt River Stream System, 49 Nev. 357, 246 P. 692, the procedure under the water law, and that the order of

determination of the state engineer, as filed with the clerk of the proper district court, has the legal effect of a complaint. Section 34 of the water law (Comp. Laws 1929, sec. 7921) provides for the setting of a date for the hearing upon said order of determination and for the service of a copy thereof upon each of the parties in interest. Section 35 of the water law (Comp. Laws 1929, sec. 7922) provides that, at least five days prior to the date set for hearing, all parties in interest who are aggrieved or dissatisfied with the order of determination of the engineer shall file with the clerk of said court notice of exceptions. It further provides that such order of determination and exceptions shall constitute the pleadings, and that there shall be no other pleadings in the cause. See sections 7920, 7921, and 7922 N. C. L.

These provisions of the law seem perfectly clear, and not only to lay down the method of procedure but strictly to limit it to that provided.

We have held in three distinct cases that the water law and all proceedings thereunder are special in their character (Scossa v. Church, 46 Nev. 254, 205 P. 518, 210 P. 563; Humboldt L. & C. Co. v. District Court, 47 Nev. 396, 224 P. 612; In Re Water Rights in Humboldt River Stream System, 49 Nev. 357, 246 P. 692), hence, such must be held to be settled law.

The purpose of the water law is perfectly obvious. It seeks not only to have the water rights adjudicated but to have them adjudicated in such a proceeding as to terminate for all time litigation between all such water users. If the petition of Taylor and others can be permitted, then what is to prevent the filing at some future date further petitions by water users upon the stream system? We can see no escape from the language of the law providing that "there shall be no other pleadings in the cause" than those therein provided for.

The inquiry in this proceeding is limited to a determination of whether or not the inferior court has regularly pursued its authority. Section 9237 N. C. L.; Wilson v. Morse, 25 Nev. 375, 60 P. 832; Gilbert v.

Board of Police & Fire Com'rs., 11 Utah, 395, 40 P. 264.

A consideration of the unambiguous language of the water law, and of the spirit thereof, leads us inevitably to the conclusion that the respondent court had no authority to entertain the petition of Taylor and others.

It is ordered that the alternative writ be made permanent.

It is further ordered and adjudged that the "Findings of Fact, Conclusions of Law and Final Decree Re Claimants under the Last Chance or Irish-American Ditch," dated March 2, 1931, and filed in the above respondent court on June 17, 1931, in the cause entitled: "No. 2804. In the Sixth Judicial District Court of the State of Nevada, in and for the County of Humboldt. In the Matter of the Determination of the Relative Rights of Claimants and Appropriators of the Waters of the Humboldt River Stream System and its Tributaries," be and the same is hereby annulled and declared void and of no effect whatsoever.

And it is further ordered that the petitioner, W. C. Ruddell, Sr., recover his costs herein expended.

ON PETITION FOR REHEARING
March 15, 1931.

*Per Curiam:*

Rehearing denied.