IN THE MATTER OF THE DETERMINATION OF THE RELATIVE RIGHTS IN AND TO THE WATERS OF SILVER CREEK AND ITS TRIBUTARIES, IN LANDER COUNTY, NEVADA.

No. 3127

November 2, 1936.                    61 P. (2d) 987.

*Harwood & Diskin,* for Respondents St. John La Borde and La Borde Brothers & Company:

*Roy W. Stoddard* and *Eli Cann*, for Appellants W. D. and M. E. Caton:

## OPINION

By the Court, DUCKER, C. J.:

Two motions have been presented to the court. One is to dismiss an appeal from what is designated in the notice thereof as "that certain judgment rendered in favor of claimants St. John La Borde and La Borde Brothers & Company, and against claimants, Wilfred D.

and Mildred E. Caton, in the above-entitled action and court on February 13, 1935, except insofar as said judgment and decree fixed the duty of waters," and from an order denying a new trial therein.

This is an adjudication under the water code (Comp. Laws, sec. 7890, et seq., as amended). On December 1, 1931, pursuant to section 34 of said code (Comp. Laws, sec. 7921), the state engineer entered and filed in his office a final order of determination in the matter of the determination of the relative rights in and to the waters of Silver Creek and its tributaries in Lander County, Nevada. On March 10, 1932, the state engineer filed with the clerk of the Third judicial district court of the State of Nevada, in and for the county of Lander, at Austin, Nevada, certified copies of the abstract of claims and the final order of determination, together with all the original evidence and data filed with the state engineer, duly certified by him in said proceedings.

It appears from the order of determination that there are but three sets of claimants to the waters of the stream system, namely, Mary Cronin, W. D. and M. E. Caton, St. John La Borde, and La Borde Brothers & Co. Claimants St. John La Borde and La Borde Brothers & Co. filed in said court their exceptions to the final order of determination, as did claimants W. D. and M. E. Caton. Claimant Mary Cronin filed no exception. The exceptions to the order of determination were tried before said court, which on the 13th day of February 1935, by its written decision, directed that a judgment be entered in said proceedings making certain specific changes in the final order of determination, and with such changes confirmed and approved the same. The findings of fact, conclusions of law, and decree were signed and filed May 14, 1935.

On February 23, 1935, notice of intention to move for a new trial directed to the state engineer of the State of Nevada, and Hon. Gray Mashburn, attorney-general of the State of Nevada, his attorney, St. John La Borde and La Borde Brothers, and Harwood &

Diskin, their attorneys, Mary Cronin, who filed no exception to the final order of determination, and Hon. Gray Mashburn, her representative, was served upon Harwood & Diskin, attorneys for St. John La Borde and La Borde Brothers & Co., and upon said Gray Mashburn, attorney for the state engineer of the State of Nevada. The motion made pursuant to the foregoing notice was denied by the court on May 14, 1935. Thereafter on the 20th day of May 1935, claimants W. D. and M. E. Caton filed and served the notice of appeal heretofore mentioned. The notice of appeal is directed to claimants St. John La Borde and La Borde Brothers & Co., and their attorneys Harwood & Diskin, and was served upon the latter. No other notice of appeal was filed or served.

Respondents contend that this court is without jurisdiction to review the order of the court denying the motion for a new trial, because no notice of appeal was directed to or served upon the state engineer of the State of Nevada, or his attorney, the attorney-general of the state, and also because no copy of notice of appeal was served upon said attorney-general in behalf of Mary Cronin, who filed no exceptions or objections to the final order of the state engineer.

It is conceded that no such service was made. The question is governed by that part of section 36 of the water code (Comp. Laws, sec. 7923), as amended in 1931, and certain principles of law heretofore declared by this court. The former reads:

"(c) Appeals from such decree may be taken to the supreme court by the state engineer, or any party in interest, in the same manner and with the same effect as in civil cases, except as to the following matters:

"Notice of appeal shall be served upon the attorneys of record for claimants who have filed exceptions or objections to the final order of determination of the state engineer as provided in section 35 of this act, and all claimants or water users who have not filed exceptions or objections to said final order of determination

or appeared in the cause by an attorney, shall be served with a copy of notice of appeal by the service of a copy thereof on the attorney-general of the State of Nevada.

"(d) Notice of intention to move for a new trial shall be served upon the attorneys of record for claimants who have filed exceptions or objections to the final order of determination of the state engineer as provided in section 35 of this act, and all claimants or water users who have not filed exceptions or objections to said final order of determination or appeared in the cause by an attorney, shall be served with a copy of notice of intention to move for a new trial by the service of a copy thereof on the attorney-general of the State of Nevada." Stats. 1931, p. 413, c. 223.

Appellants contend, as reason for omitting to serve the attorney-general in behalf of Mary Cronin with a copy of the notice of appeal, that when she filed no exceptions the case became a separable controversy between the Catons and the La Bordes. Appellants did not consider it in that light on their motion for a new trial when they recognized her as a necessary party and directed notice of it to her and served it upon the attorney-general, her statutory representative. However, the character of an adjudication, under the water code, forbids the idea of separate controversies being involved. It is a proceeding put in motion by an agent of the state to determine the relative rights of water claimants on a stream or stream system. Necessarily such interrelated rights must be adjusted as a whole in order to reach an equitable settlement of the controversy. This conclusion has been heretofore declared by this court. In Humboldt Land & Cattle Company v. Sixth Judicial District Court, 47 Nev. 396, 224 P. 612, 613, we said: "There is nothing in the context or in the subject-matter to require such construction [separable controversies], but the entire scope of the legislation is persuasively to the contrary. As said in one of the cases quoted from in Re Chewaucan River, 89 Or. 659 [171 P. 402], 175 P. 421: 'It is a case where divers

and sundry parties are entitled to use so much of the waters of a stream as they have put to beneficial use and the purpose is to ascertain their respective rights by a simple, economical, effective, and comprehensive proceeding, and is not a separable controversy between different claimants.' "

When such a controversy reaches this court on appeal, it is not discernible how its character in this respect can undergo any change by reason of nonexcepting claimants. Although satisfied with the final order of determination of the state engineer, they are still vitally concerned in every other appropriation, because a modification of the order might affect them.

■ The legislature was doubtless influenced by this consideration in requiring service of notice of intention to move for a new trial, and service of a copy of notice of appeal to be made upon the attorney-general in behalf of nonexcepting water users. In fact, the legislature, by the amendments to section 36 heretofore set out, has in effect declared that all claimants or water users in an adjudication proceeding under the act are adverse. Consequently appellant's argument and authorities as to when parties may be deemed adverse for the purpose of an appeal in ordinary civil cases are not influential. The right on appeal in the statutory proceeding before us exists solely by virtue of said section 36. The appellants are limited to the plan therein outlined to protect their rights. In re Water Rights, 49 Nev. 357, 246 P. 692.

■ The contention that the provision is directory is wholly without merit. The requirement is mandatory in form and jurisdictional in effect.

It follows that the appeal from the order denying the motion for a new trial must be dismissed. As it therefore becomes unnecessary for us to determine whether the state engineer should have been served with a copy of notice of appeal, we reserve opinion pending the presentation of a case making such determination necessary. We content ourselves with the observation that

such service would be in keeping with safe practice.

The appeal purporting to have been taken from the judgment rendered February 13, 1935, must also be dismissed. The statute does not contemplate such an appeal and it is therefore without any legal effect.

An appeal in a water adjudication proceeding other than from an order denying a motion for a new trial must be taken from the decree as entered. Section 36 of the water law as amended by Statutes of 1931, p. 415; Taylor et al. v. Ruddell et al., 54 Nev. 115, 7 P.(2d) 813.

It is ordered that the appeal from the order denying the motion for a new trial and from the rendition of judgment be, and they are hereby, dismissed.