VIRGINIA T. FERNANDEZ, ROMAN P. FERNANDEZ, JR., EVELYN FERNANDEZ AND ALLEN FERNANDEZ, SOLE HEIRS OF ROMAN P. FERNANDEZ, DECEDENT, APPELLANTS, v. MARK KOZAR, M.D.; WASHOE MEDICAL CENTER, INC., RESPONDENTS.

No. 21096

June 27, 1991                                        814 P.2d 68

*Peter J. Sferrazza,* Reno, for Appellants.

*Margo Piscevich* and *Kimberley Palmer Fenner,* Reno, for Respondent Washoe Medical Center, Inc.

*Hibbs, Roberts, Lemons, Grundy & Eisenberg,* Reno, for Respondent Mark Kozar, M.D.

## OPINION

*Per Curiam:*

Appellants, heirs of the late Roman Fernandez, Sr. ("Roman"), have appealed from summary judgment entered below on grounds that their wrongful death claim was untimely filed. The district court ruled that the claims filed against respondents Dr. Mark Kozar and Washoe Medical Center as substituted Doe defendants in a second amended complaint filed on August 18, 1989, were not within the purview of NRCP 10(a)[1] and therefore did not relate back to the original complaint filed on December 31, 1985. Because we have concluded that the district court did not apply the correct legal standard to the statute of limitations for a wrongful death cause of action, we reverse.

Summary judgment is proper only "when the moving party is entitled to judgment as a matter of law, and no genuine issue of material fact remains for trial." Wiltsie v. Baby Grand Corp., 105 Nev. 291, 292, 774 P.2d 432, 433 (1989); Morrow v. Barger, 103 Nev. 247, 250, 737 P.2d 1153, 1154 (1987). NRCP

---

[1]NRCP 10(a) states in pertinent part: "A party whose name is not known may be designated by any name, and when his true name is discovered, the pleading may be amended accordingly."

448

56(c). The sole issue before us is one of law, as there are no disputed material facts relevant to the resolution of this appeal.

Roman died on October 17, 1986. His heirs argue that he died an early death due to medical malpractice. However, the merits of the underlying action are not at issue in the instant appeal. We are here concerned only with discerning the appropriate statute of limitations in a wrongful death cause of action.

The evidence of record reveals that the original complaint was filed before all defendants were known, before Roman had died, and before all the causes of action had fully accrued.[2] The heirs chronicle a series of alleged medical mishaps[3] that, as previously noted, are not relevant to the single issue before us. We therefore will avoid burdening this opinion with the factual basis for recovery asserted by appellants against respondents. Suffice it to say that appellants complained that Roman's death was accelerated as a result of respondents' negligence.

Following Roman's death, his heirs successfully substituted themselves as plaintiffs pursuant to NRCP 25.[4] Thereafter, in a second amended complaint, appellants sought relief for injury to the heirs under a wrongful death theory. In its order granting summary judgment in favor of respondents, the district court based its decision on Lunn v. American Maintenance Corp., 96 Nev. 787, 618 P.2d 343 (1980), and the *Lunn* court's ruling concerning the requirements and effect of NRCP 10(a) and 15(c) as they relate to Doe defendants and the relation back of an amended pleading to the original complaint. Unfortunately, the district court's reliance on the law pertaining to the application of NRCP 10(a) and 15(c) was misplaced. Neither rule is relevant to the resolution of the issue before us because, as we will demonstrate hereafter, the statute of limitations had not expired with respect to the heirs' wrongful death action; there was no need for the second amended complaint to relate back to the original complaint in order to save the heirs' action.

The district court's reasoning was flawed in that it failed to take into meaningful consideration the fact that at the time of the filing

---

[2]The original complaint alleged that "the plaintiff's physical condition is in such a pathetic state that a few months' delay may bar his testimony forever."

[3]In another action, appellants have also appealed an involuntary dismissal under NRCP 41(b) in favor of two additional treating physicians named as defendants in the original complaint.

[4]NRCP 25(a)(1) states in pertinent part: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party . . . ."

of the original complaint Roman was still alive. The heirs' claim for wrongful death was nonexistent at that point.

Our previous decisions have made clear that "in an action for wrongful death, the injury contemplated by NRS 41A.097 is the death of the malpractice victim and the two-year period of limitation begins to run from the time of death or the discovery thereof." Gilloon v. Humana, Inc., 100 Nev. 518, 519-20, 687 P.2d 80, 81 (1984). "[T]he very earliest that the statute of limitations could begin to run for a wrongful death action would be at death, and not before." Pope v. Gray, 104 Nev. 358, 363 n.6, 760 P.2d 763, 766 n.6 (1988).

Although the heirs were aware of the medical problems besetting Roman during the course of his treatment, the heirs had no basis for a claim for wrongful death until Roman's demise, and "death was the final element necessary to trigger the two year statute of limitations." Pope v. Gray, 104 Nev. 358, 363 n.6, 760 P.2d 763, 766 n.6 (1988). The statute of limitations for wrongful death began to run in the instant case upon Roman's death, and absent a period of tolling, would have expired two years later, that is, on October 17, 1988. However, the cause of action was statutorily tolled for ten months and seven days while the claim was under consideration by the Nevada Medical Legal Screening Panel. NRS 41A.097(2)(b).[5] By adding the tolling interval to the two-year period starting with Roman's death, a cause of action for wrongful death would have been timely until August 24, 1989, the date on which the statute of limitations would expire. The second amended complaint was filed on August 18, 1989, six days before the running of the statute of limitations.[6]

A wrongful death statute "makes no account of the wrong done to the deceased; it is only concerned with the loss to the relatives." Perry v. Tonopah Mining Co., 13 F.2d 865, 870 (D.Nev. 1915). The cause of action has "no existence before the death of the decedent has occurred." Gilloon v. Humana, Inc., 100 Nev. 518, 520, 687 P.2d 80, 81 (1984). "[A] wrongful death action . . . creates an independent right in designated survivors for damages they sustain by reason of the decedent's death." Fisher v. Missoula White Pine Sash Co., 518 P.2d 795, 797 (Mont. 1974). NRS 41A.097(1) gives the heirs such a cause of action

---

[5]The extension of tolling in the present statute for thirty additional days after notification by the panel was added by 1989 amendment and is not relevant to the instant case. 1989 Nev. Stat. 424.

[6]Appellants do not contend that they were unaware of the injury and that the wrongful death claim is further tolled through the discovery rule adopted in Pope v. Gray, 104 Nev. 358, 362, 760 P.2d 763, 764 (1988).

against a "provider of health care." It is thus clear that a wrongful death claim is an entirely new cause of action created in the heirs. At the time the heirs were substituted in as plaintiffs under NRCP 25, they stated a newly accrued cause of action in what became the second amended. complaint.[7] We therefore conclude that the second amended complaint, which named new plaintiffs and new defendants, was the functional equivalent of an original, timely complaint as a matter of law.

For the reasons stated above, the order granting summary judgment in favor of respondents was erroneously granted. We therefore reverse and remand for further proceedings.

---

[7]Respondents argue that since the decedent filed a complaint in this action while he was still living, the statute of limitations even in a wrongful death claim would begin to run from the date of Roman's awareness of his injury and its wrongful cause. Respondents distinguish *Gilloon* in this respect. In *Gilloon*, medical injury to the decedent occurred some three years before her death. *Gilloon*, 100 Nev. at 519, 687 P.2d at 81. No complaint was filed during her lifetime. We conclude that such a strained distinction is without merit.