VIRGINIA T. FERNANDEZ, ROMAN FERNANDEZ, JR., EVELYN FERNANDEZ, AND ALLAN FERNANDEZ, AS SOLE HEIRS OF ROMAN P. FERNANDEZ, DECEDENT, APPELLANTS, v. INFUSAID CORP, A MASSACHUSETTS CORPORATION, AND INFUSAID DIVISION OF METAL BELLOWS CORP.; PFIZER, INC., A DELAWARE CORPORATION AND SUCCESSOR IN INTEREST TO INFUSAID, AND INFUSAID DIVISION OF METAL BELLOWS CORP., RESPONDENTS.

No. 23670

VIRGINIA T. FERNANDEZ, ROMAN FERNANDEZ, JR., EVELYN FERNANDEZ AND ALLAN FERNANDEZ, AS SOLE HEIRS OF ROMAN P. FERNANDEZ, DECEDENT, APPELLANTS, v. PFIZER, INC., A DELAWARE CORPORATION, AS SUCCESSOR IN INTEREST TO INFUSAID CORPORATION AND METAL BELLOWS CORPORATION, RESPONDENTS.

No. 23671

March 30, 1994                    871 P.2d 292

*Peter J. Sferrazza,* Reno, for Appellants.

*Perry & Spann,* Reno, for Respondents.

## OPINION

*Per Curiam:*

### FACTS

Roman Fernandez, Sr., ("Roman") was admitted to Washoe Medical Center on November 19, 1985, for digestive problems. An Infusaid pump, which is a device used to provide a continuous dosage of liquids and medication, was surgically inserted into his chest. Roman was released on December 2, 1985. He was later readmitted and underwent a number of operations for leakage and bleeding around the pump. Dr. Mark Kozar, who performed the

surgery, later discovered the pump was apparently defective. Roman died on October 17, 1986.

Prior to his death, Roman had filed a medical malpractice action in Department 9 of the Second Judicial District Court on December 31, 1985, against his original physicians, Dr. William H. Admirand and Dr. Michael K. Daines. Saint Mary's Hospital was added as a defendant on August 28, 1986. After Roman's death, his heirs, who are the appellants in this action, filed a complaint with the Medical Legal Screening Panel in 1987. Appellants claim that it was only when Dr. Kozar filed his response to the Medical Legal Screening Panel complaint on November 16, 1987, that they learned the Infusaid pump was defective.[1] On October 10, 1986, respondent Pfizer, Inc., purchased the rights to the Infusaid pump, thus becoming the successor in interest to Infusaid.

Appellants moved to substitute into the action as plaintiffs pursuant to NRCP 25, and this motion was granted on April 22, 1988. On October 6, 1988, appellants moved to amend their Department 9 complaint to add claims against Dr. Kozar and Washoe Medical Center for medical malpractice and against Infusaid for products liability.

On the same day, appellants filed a complaint in Department 3 of the Second Judicial District Court, naming as defendants Dr. Admirand, Dr. Daines, Saint Mary's Hospital, Dr. Kozar, Washoe Medical Center and Infusaid. The causes of action against Drs. Admirand and Daines and Saint Mary's Hospital were identical to the existing Department 9 causes of action.

Department 9 denied appellants' motion to amend their complaint on October 27, 1988, for failure to pay a $5,000 bond which was required at that time for certain medical malpractice actions. The court later reconsidered this order and appellants were granted leave to amend their complaint on April 19, 1989. However, appellants never served the amended complaint.

Meanwhile, Saint Mary's Hospital and Washoe Medical Center were dismissed from the Department 3 action on February 27, 1989. Appellants moved to consolidate the Department 3 action with the Department 9 action on March 17, 1989. Department 3 denied this motion on June 1, 1989, in addition to dismissing Drs. Kozar, Admirand and Daines. At that point, only Infusaid remained as a defendant in the Department 3 action.

Shortly thereafter, on July 24, 1989, appellants filed another motion to amend the complaint pending in Department 9 to add as

---

[1]The Medical Legal Screening Panel issued its decision on September 23, 1988, finding that there was no reasonable probability of medical malpractice by any of the doctors or hospitals involved.

defendants Dr. Kozar, Washoe Medical Center and Pfizer. Other than the addition of Pfizer, this motion was identical to the motion that had already been granted in Department 9 on April 19, 1989. The district court granted this motion and the new amended complaint was filed on August 18, 1989. On January 4, 1990, the district court entered summary judgment dismissing Dr. Kozar and Washoe Medical Center from the Department 9 action. The district court certified the summary judgment as final pursuant to NRCP 54(b), and the appellants perfected a timely appeal. On June 27, 1991, this court reversed the summary judgment and remanded the matter to Department 9 for further proceedings. *See* Fernandez v. Kozar, 107 Nev. 446, 814 P.2d 68 (1991). The remittitur issued from this court on July 16, 1991.

The same day that it entered summary judgment in favor of Dr. Kozar and Washoe Medical Center, January 4, 1990, the district court also entered an order dismissing Pfizer from the Department 9 action. The district court held that because of the differences between the original complaint and the second amended complaint, appellants could not avoid the date of filing of the original complaint. The court noted that the second amended complaint was filed more than two years after the death of Roman, named new defendants, and contained entirely different charging allegations.

Unlike the summary judgment entered in favor of Dr. Kozar and Washoe Medical Center, however, the district court did not certify the order dismissing Pfizer from the Department 9 action as a final judgment pursuant to NRCP 54(b). Thus, in an order filed June 26, 1990, this court concluded that appellants could not properly perfect an appeal at that time from the order dismissing Pfizer because as of that date no appealable judgment in favor of Pfizer had been entered in the district court. Accordingly, this court deleted Pfizer, Inc. from the caption of the appeal in Fernandez v. Kozar, 107 Nev. 446, 814 P.2d 68 (1991).

Meanwhile, on March 13, 1990, appellants had filed a motion in Department 3 to substitute Pfizer for Infusaid in appellants' Department 3 action. This motion was granted in Department 3 on April 10, 1990. On April 12, 1990, Pfizer filed a motion to dismiss in Department 3 on the ground that there were two identical actions pending in Departments 3 and 9. On March 24, 1992, the district court entered an order granting Pfizer's motion. Appellants now appeal from that order.

On July 13, 1990, Saint Mary's Hospital was dismissed from the Department 9 action. On July 31, 1990, after a two-day trial, Dr. Admirand and Dr. Daines were also dismissed from the Department 9 action. Thus, upon the entry of the order dismissing Drs. Admirand and Daines, appellants' Department 9 action

was fully and finally resolved as to all claims asserted against all parties. Therefore, the order dismissing Drs. Admirand and Daines constituted a final, appealable judgment in the Department 9 action.

Appellants filed a timely appeal to this court from the final judgment dismissing Drs. Admirand and Daines from the Department 9 action. Although appellants could have challenged the prior interlocutory order dismissing Pfizer in the context of that appeal, they neglected to do so. On December 3, 1992, this court reversed the district court's dismissal of appellants' claims against Drs. Admirand and Daines and remanded the matter to Department 9 for further proceedings. *See* Fernandez v. Admirand, 108 Nev. 963, 843 P.2d 354 (1992). The remittitur issued from this court on December 22, 1992.

Following its dismissal from the Department 3 action, Pfizer filed a motion in Department 9 requesting that court to certify its prior order of January 4, 1990, dismissing Pfizer from the Department 9 action, as final pursuant to NRCP 54(b). On May 29, 1992, that court entered an order certifying the prior order as final in accordance with NRCP 54(b). On June 29, 1992, appellants filed a notice of appeal from "the order of the [district court] granting Defendant Pfizer's motion for certification . . . ."

Thus, there are two separate appeals presently pending before this court: (1) the appeal from the order entered in Department 9 certifying as final the order of January 4, 1990, dismissing Pfizer from the Department 9 action; and (2) the appeal from the order entered in Department 3 on March 24, 1992, dismissing Pfizer from the Department 3 action. We have consolidated these appeals for appellate purposes. We now hold (1) that this court lacks jurisdiction to review on appeal either the order dismissing Pfizer entered in Department 9 on January 4, 1990, or the order entered in Department 9 on May 29, 1992, certifying as final the order dismissing Pfizer; and (2) that Department 3 erred in dismissing Pfizer from the Department 3 action. We will discuss each holding in turn.

## DEPARTMENT 9

NRCP 54(b) provides that when multiple parties are involved in an action, the district court may direct the entry of a final judgment as to one or more but fewer than all the parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. This court lacks jurisdiction to review on appeal an order dismissing fewer than all the parties to an action unless the district court properly certifies the order as final pursuant to NRCP

54(b). *See* Mallin v. Farmers Insurance Exchange, 106 Nev. 606, 797 P.2d 978 (1990). In the absence of a proper certification of finality, an interlocutory order dismissing fewer than all the parties cannot be challenged on appeal until a final judgment is entered in the action fully and finally resolving all the claims against all the parties.

As noted above, the action in Department 9 was fully and finally resolved as to all parties and all claims on July 31, 1990, when the district court entered an order dismissing the only two defendants remaining in the action at that time, Drs. Admirand and Daines. As appellants concede in their reply brief, "Final judgment was entered in this case on July 31, 1990 . . . ." As appellants also concede in their reply brief, "No appeal was filed from that judgment, with respect to Pfizer, Inc. and therefore the dismissal entered on January [4], 1990 in Department 9 was final."

Moreover, after the order of January 4, 1990, had become final and unreviewable on appeal due to appellants' decision not to seek appellate review of the order, the district court no longer had the power to certify the order as final pursuant to NRCP 54(b). The order was no longer amenable to certification pursuant to the rule. *See, e.g.,* Taylor Constr. Co. v. Hilton Hotels, 100 Nev. 207, 678 P.2d 1152 (1984) (the district court, through certification, cannot create finality when the order is not amenable to certification; the district court does not have the power to transform an order which does not come within the rule into a final judgment). We conclude therefore that the district court erroneously certified the order of January 4, 1990, as final pursuant to NRCP 54(b), and that this court lacks jurisdiction to review that order on appeal.

We further note that no statute or court rule authorizes an appeal from an order certifying an order as final pursuant to NRCP 54(b). The right to appeal is statutory and where no statute or court rule authorizes an appeal, no right to appeal exists. *See* Bates v. Nevada Savings & Loan Ass'n, 85 Nev. 441, 456 P.2d 450 (1969). Where an appellant is uncertain as to the propriety of a district court's certification of finality pursuant to NRCP 54(b), the appellant should first protect the right to appeal by filing a timely notice of appeal from the order that has been certified as final. Then the appellant should move this court to determine whether the district court properly certified that order as final and whether this court's appellate jurisdiction has been properly invoked. *See* Hallicrafters Co. v. Moore, 102 Nev. 526, 728 P.2d

441 (1986). Accordingly, we dismiss the appeal from the order certifying the order of January 4, 1990, as final pursuant to NRCP 54(b).

## DEPARTMENT 3

In its dismissal of Pfizer, Department 3 cited Fitzharris v. Phillips, 74 Nev. 371, 333 P.2d 721 (1958). *Fitzharris* held that it would be "contrary to fundamental judicial procedure to permit two actions to remain pending between the same parties upon the identical cause." *Id.* at 376, 333 P.2d at 724. In this case, the causes of action in Departments 9 and 3 against Pfizer were identical. Both involved products liability claims derived from the same allegedly defective pump. However, unlike *Fitzharris*, the Department 9 action and the Department 3 action were not pending at the same time.

As we noted earlier, a final judgment was entered on July 31, 1990, in the Department 9 action when the district court dismissed the last two remaining defendants from that action. In their appeal from that final judgment, appellants did not challenge the prior interlocutory order dismissing Pfizer from the Department 9 action. Thus, Pfizer's dismissal from the Department 9 action became final and unreviewable on appeal when the appeal period expired. Hence, when Department 3 granted Pfizer's motion to dismiss on March 24, 1992, no action was then pending against Pfizer in Department 9. Although on June 27, 1991, this court had reversed Department 9's summary judgment as to Dr. Kozar and Washoe Medical Center and had remanded that matter to Department 9, that remand did not serve to revive what had become a final judgment in favor of Pfizer.

Therefore, we hold that Department 3 erred in dismissing Pfizer on the basis of two identical actions pending at the same time. No other action was pending against Pfizer on the date Department 3 granted Pfizer's motion to dismiss. We therefore reverse Department 3's dismissal of Pfizer, and we remand that matter for further proceedings consistent with this opinion.