85 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael QUINN; Dean Sessions, derivatively as shareholders
of Tri-Star Capital Corporation, a Colorado Corporation,
Tri-Star Capital Corporation, A Colorado Corporation, as an
involuntary plaintiff, Plaintiffs-Appellants,
v.
John ELLIOTT; John Greenfield; Bruno Menicucci; Christina
Menicucci-Lane, as officers and directors of
Tri-Star Capital Corporation, a Colorado
corporation, Defendants-Appellees.
 No. 94-15181.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1995.*
Decided May 7, 1996.
 
 1
 Before: WALLACE and THOMPSON, Circuit Judges, and THOMPSON, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellants, Michael Quinn ("Quinn"), Dean Sessions ("Sessions") and other minority shareholders, are appealing the district court's dismissal with prejudice of their derivative shareholder suit against Appellees, John Elliott ("Elliott"), John Greenfield ("Greenfield"); Bruno Menicucci ("Menicucci") and Christina Menicucci-Lane ("Menicucci-Lane"). The district court held that Appellants' suit, asserting claims of breach of fiduciary duty and negligence, was time barred by Nevada's three year statute of limitations.
 
 FACTUAL BACKGROUND
 
 4
 Quinn originally filed this shareholder derivative action against Appellees and two other defendants in the United States District Court for the District of Colorado based on diversity jurisdiction. The complaint against Appellees alleged breach of fiduciary duties as officers and directors of Tri-Star Capital Corp. ("Tri-Star") and negligent discharge of corporate duties. Appellees filed a motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue to the District of Nevada. Quinn opposed both the motion to dismiss and the motion to transfer venue. On August 11, 1992, the Colorado District Court dismissed Appellees for lack of personal jurisdiction. However, two defendants (Lewis Eslick and Rodney Sumpter) were not dismissed from the Colorado action.
 
 
 5
 On December 22, 1992, Quinn filed essentially the same action against Appellees in the United States District Court for the District of Nevada. Appellees filed a motion to dismiss, pursuant to F.R.C.P. 12(b)(6), asserting that the action was time barred. Quinn opposed the motion on the theories of diligent discovery and equitable tolling. The district court allowed an additional 30 days for both parties "to conduct limited discovery solely as to the issue of when plaintiff discovered or reasonably should have discovered the wrongs alleged in his complaint." The parties submitted affidavits and exhibits in support of and in opposition to the motion and stipulated that the motion could be adjudicated as a summary judgment motion pursuant to F.R.C.P. 56. The Nevada District Court granted Appellees' motion and the action was dismissed with prejudice.
 
 DISCUSSION
 A. Standard of Review
 
 6
 A grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). The appellate court's review is governed by the same standard used by the trial court under F.R.C.P. 56(c). Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Warren, 58 F.3d at 441. The court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial. Jesinger, 24 F.3d at 1130. When a mixed question of fact and law involves undisputed underlying facts, summary judgment may be appropriate. Union School Dist. v. Smith, 15 F.3d 1519, 1523 (9th Cir.1994).
 
 
 7
 The district court's dismissal on statute of limitations ground presents a question of law reviewed de novo. Washington v. Garrett, 10 F.3d 1421, 1429 (9th Cir.1993). When the question turns on what a reasonable person should know, a mixed question of law and fact is presented that is reviewed for clear error. Rose v. United States, 905 F.2d 1257, 1259 (9th Cir.1989).
 
 
 8
 State substantive law applies because this matter was before the district court under its diversity jurisdiction. Nevada Power Co. v. Monsanto Co., 955 F.2d 1304, 1306 (9th Cir.1992). Federal courts exercising diversity jurisdiction are to use state statutes of limitation. Id. The Nevada Supreme Court is controlling authority on questions of Nevada law. Id.
 
 
 9
 Under Nevada law, a breach of fiduciary duty is considered fraud and therefore the three-year statute of limitations set forth in NRS § 11.190(3)(d)[1] is applicable. Nevada State Bank v. Jamison Partnership, 106 Nev. 792, 799, 801 P.2d 1377 (1990). The statute of limitations for negligence against the Appellees as directors is also three years as prescribed in NRS 11.380.[2] In re Western World Funding, Inc., 52 B.R. 743, 765 (Bankr.D.Nev.1985).
 
 B. Diligent Discovery Rule
 
 10
 Under Nevada law, the statute of limitations for both the breach of fiduciary duty and the negligence claim began to run when Appellants knew or reasonably should have known, through the exercise of proper diligence, the facts giving rise to the alleged claims. Shupe v. Ham, 98 Nev. 311, 313, 646 P.2d 1221 (1982); Millspaugh v. Millspaugh, 96 Nev. 446, 448, 611 P.2d 201 (1980). The Nevada Supreme Court has interpreted the statute to mean not that an action accrues only when the plaintiff has all the facts needed to constitute a fraud claim, but rather that "the statute of limitation commence[s] to run from the date of discovery of facts which in the exercise of proper diligence would enable the plaintiff to learn of the fraud." Nevada Power, 955 F.2d at 1306, quoting Howard v. Howard, 69 Nev. 12, 239 P.2d 584 (1952); Accord Sierra Pacific Power Co. v. Nye, 80 Nev. 88, 389 P.2d 387 (1964) ("mere ignorance of the existence of ... the facts which constitute the cause will not postpone the operation of the statute of limitations ... if the facts may be ascertained by inquiry or diligence"). Thus, the fraud and negligence claims accrued when the Appellant "knew or in the exercise of proper diligence should have known of the facts constituting the elements of his cause of action." Nevada Power, 955 F.2d at 1307, citing Oak Grove Investors v. Bell & Gossett Co., 99 Nev. 616, 668 P.2d 1075 (1983).
 
 
 11
 All of the alleged improprieties outlined in the complaint were chronicled in the records reviewed by Quinn prior to March of 1989. Quinn visited Tru-Tech in July of 1988 and twice again in August of 1988. On these visits he reviewed the bank statements, the check register and numerous documents relating to Tri-Star and Tru-Tech. Additionally, Quinn was in constant contact, by telephone, with the employees of Tru-Tech throughout 1988 and 1989. Quinn himself, in his supplemental affidavit, admits to being aware of the various improprieties prior to December 12, 1989. The record is clear that Quinn either had the requisite facts to support his claims or should have known of the requisite facts prior to December of 1989. Since Quinn did not file suit in the district court until December 22, 1992, his claims are time-barred under Nevada's three year statute of limitations.
 
 C. Equitable Tolling
 
 12
 Next, Quinn argues that the applicable statutes of limitations were "equitably tolled" during the pendency of the Colorado action. It is well established law that federal courts must apply not only the appropriate state statute of limitations, but also the applicable state law for tolling that statute of limitations. De Luna v. Farris, 841 F.2d 312, 314 (9th Cir.1988).
 
 
 13
 Quinn concedes the fact that the Nevada Supreme Court has not applied the legal precept of equitable tolling in a case where the plaintiff, in error, filed suit in the wrong venue. The only Nevada case law that addresses equitable tolling involves specific statutory authority for the tolling of a statute of limitations.[3] In short, there is no legal authority under Nevada law for the common law doctrine of equitable tolling.
 
 
 14
 Quinn argues that the district court should have imported California's doctrine of equitable tolling. Under California law, equitable tolling relieves the plaintiff from the bar of a statute of limitations when, in good faith, he reasonably pursues one of several legal remedies to lessen the extent of his injuries or damage. Cervantes v. City of San Diego, 5 F.3d 1273 (9th Cir.1993). A plaintiff's pursuit of a remedy in another forum equitably tolls the statute of limitations if there is: 1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim. Id. at 1275.
 
 
 15
 The doctrine of equitable tolling is not applicable in this case. Nevada, not California, law applies. Nevada does not have a doctrine of equitable tooling. To import California's doctrine of equitable tolling would be tantamount to creating new Nevada substantive law, which is not appropriate.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Gordon Thompson, Jr., Senior District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the circuit of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 NRS § 11.190(3)(d) provides:
 Except as otherwise provided in NRS 112.230, an action for relief on the ground of fraud or mistake, but the cause of action in such a case shall be deemed to accrue upon the discovery by the aggrieved party of the facts constituting the fraud or mistake.
 
 
 [2]
 NRS 11.380 provides:
 Actions against directors or stockholders of corporations. The preceding sections of this chapter shall not affect actions against directors or stockholders of a corporation to recover a penalty of forfeiture imposed or to enforce a liability created by law; but such actions must be brought within 3 years after the discovery, by the aggrieved party, of the facts upon which the penalty or forfeiture attached or the liability was created.
 
 
 [3]
 In Fernandez v. Kozar, 107 Nev. 446, 814 P.2d 68 (1991), the Nevada Supreme Court interpreted NRS 41A.097(2)(b), which specifically tolls the statute of limitations while a wrongful death claim is before the Nevada Medical Legal Screening Panel. Similarly, in Copeland v. Desert Inn Hotel, 99 Nev. 823, 673 P.2d 490 (1983), the Nevada Supreme Court addressed equitable tolling in light of NRS 613.430, which tolls the statute of limitations during the pendency of a complaint before the Nevada Equal Rights Commission