IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE DETERMINATION OF THE RELATIVE RIGHTS IN AND TO ALL WATERS, BOTH SURFACE AND UNDERGROUND, LOCATED WITHIN THE DIAMOND VALLEY HYDROGRAPHIC BASIN 10-153, EUREKA AND ELKO COUNTIES, NEVADA.

No. 84275

FILED

MAY 0 4 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____ DEPUTY CLERK



THE STATE OF NEVADA DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES, DIVISION OF WATER RESOURCES; ADAM SULLIVAN, P.E., STATE ENGINEER; AND EUREKA COUNTY, Appellants,

vs.

SOLARLJOS, LLC; DANIEL S. VENTURACCI; AMANDA L. VENTURACCI; CHAD D. BLISS; ROSIE J. BLISS; WILFRED BAILEY AND CAROLYN BAILEY, TRUSTEES OF THE WILFRED AND CAROLYN BAILEY FAMILY TRUST, DATED FEBRUARY 20, 2018; JAMES E. BAUMANN; VERA L. BAUMANN; NORMAN C. FITZWATER; KINDY L. FITZWATER; ARC DOME PARTNERS, LLC; ROBERT F. BECK AND KAREN A. BECK, TRUSTEES OF THE BECK FAMILY TRUST DATED APRIL 1, 2005; IRA R. RENNER; MONTIRA RENNER; SADLER RANCH, LLC; MW CATTLE, LLC; UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT; PETER GOICOECHEA; AND GLADY

22-14264

GOICOECHEA,
Respondents.

## ORDER DISMISSING APPEAL

This is an appeal from a district court summary judgment, certified as final under NRCP 54(b), resolving an exception filed in a water rights adjudication.

In January 2020, the State Engineer issued a final order of determination adjudicating vested surface and underground water rights in the Diamond Valley Hydrographic Basin. Per NRS 533.165, the order of determination was filed in the district court, and thereafter, several interested parties filed exceptions thereto, under NRS 533.170. One of those parties, respondent Solarljos, LLC, moved for summary judgment on its exception, which the district court granted on October 27, 2021 (corrected order). Three months later, the court granted Solarljos's motion for NRCP 54(b) certification, determining that Solarljos was not involved in any of the other exceptions before the court, that none of those exceptions was interrelated with that of Solarljos for certification purposes, and that the summary judgment resolved all issues concerning Solarljos. such that certification would not result in piecemeal litigation. Further, the court found that Solarljos would be prejudiced by any delay in appealing and that no just reason for delay existed. Accordingly, the court granted NRCP 54(b) certification and directed entry of final judgment as to Solarljos.

The State of Nevada, Department of Conservation and Natural Resources, Division of Water Resources and the State Engineer filed a protective appeal and moved both for a stay pending appeal and to determine jurisdiction, arguing that the summary judgment was

improperly certified as final under NRCP 54(b). *See Fernandez v. Infusaid Corp.*, 110 Nev. 187, 192-93, 871 P.2d 292, 295 (1994). Appellant Eureka County has joined in both motions.

On March 1, 2022, we granted a temporary partial stay pending the completion of briefing on both motions and further order of this court. Briefing is now completed.[1]

*Jurisdiction*

With respect to water law adjudications, "[t]he purpose of the Water Law is perfectly obvious. It seeks not only to have the water rights adjudicated but to have them adjudicated in such a proceeding as to terminate for all time litigation between all such water users." *Ruddell v. Sixth Judicial Dist. Court*, 54 Nev. 363, 367, 17 P.2d 693, 694-95 (1933). Thus, early on we recognized that "the character of an adjudication, under the Water Code, forbids the idea of separate controversies being involved." *In re Water Rights in Silver Creek & Its Tributaries, in Lander County*, 57

---

[1]The Renner respondents filed an opposition to the jurisdiction motion on March 4, 2022, which the Venturacci respondents and Solarljos joined. Solarljos filed an opposition as well (Solarljos's motion for leave to exceed the NRAP 27(d)(2) page limit by 7 pages is granted; the opposition was timely filed on March 4, 2022). The State appellants have filed a reply (the State appellants' March 9, 2022, motion for leave to file replies to the responses to the stay motion and jurisdictional motion that exceed the page limit by 8 and 3 pages, respectively, is granted; both replies were filed on March 9, 2022). Eureka County also filed a reply to the responses for both motions, joining in the State appellants' arguments (Eureka County's motion to exceed the page limit for its reply by 3 pages is granted; the reply was filed on March 9, 2022). Additionally, Solarljos's March 4 motion to exceed the page limit with respect to its opposition to the stay motion and March 7 motion for brief extension of time are granted. Finally, in light of the March 7 filing by Peter and Gladys Goicoechea, we direct the clerk of this court to remove those parties as respondents to this appeal.

Nev. 232, 237, 61 P.2d 987, 989 (1936). "Necessarily such interrelated rights must be adjusted as a whole in order to reach an equitable settlement of the controversy." *Id.* Therefore, even water users who are "satisfied with the final order of determination of the state engineer, . . . are still vitally concerned in every other appropriation, because a modification of the order might affect them." *Id.* at 238, 61 P.2d at 989.

To this end, the statutes provide that the district court must hear any exceptions to the order of determination and then "shall enter a decree affirming or modifying the order of the State Engineer." NRS 533.185; *see also* NRS 533.165(6); NRS 533.170. NRS 533.200 provides for appeals "from such decree" pursuant to the NRAP and "in the same manner and with the same effect as in civil cases," except that notice must be provided not only to those who filed exceptions, but also to claimants and water users who have not appeared in the case, through the attorney general. NRS 533.200. *See Jackson v. Groenendyke,* 132 Nev. 296, 300, 369 P.3d 362, 365 (2016). In 1932, this court recognized that "the right to appeal in a proceeding of this kind is expressly conferred by the provisions of the Water Law," and based on that law, which has changed little since that time, "it appears quite clearly that an appeal will not lie in a proceeding for the determination of the relative rights to use of the waters of a stream or stream system until the decree is entered." *In re Waters of Humboldt River Stream Sys.,* 54 Nev. 115, 119, 7 P.2d 813, 814 (1932) (dismissing appeal from a judgment determining certain rights to stream waters). Four years later, this court again dismissed an appeal from a judgment on exceptions, because "[a]n appeal in a water adjudication proceeding . . . must be taken from the decree as entered." *In re Silver Creek,* 57 Nev. at 239, 61 P.2d at 990 ("The statute does not contemplate such an appeal and it is therefore

without any legal effect."). Accordingly, as far back as the 1930s, this court has recognized that the right to appeal in adjudication cases exists solely by statute and "appellants are limited to the plan therein outlined to protect their rights," which does not include taking an appeal from a judgment resolving an exception. *Id.* at 238, 61 P.2d at 989.

Nevertheless, respondents argue that nothing in our caselaw or in the statutes precludes the district court from entering more than one decree in an adjudication or from certifying a subpart of the adjudication as final for appeal purposes. They point out that the cited cases predate the adoption of NRCP 54(b) and that, here, no other claimants chose to be involved in the proceedings concerning Solarljos's exception.

NRCP 54(b) allows the district court to direct entry of final judgment upon the resolution of the action as to some claims or parties, but fewer than all. Here, the district court appears to have based its certification decision on both prongs—that the summary judgment resolved both Solarljos's "claim" and completely removed it from the case—concluding that the matter was "more akin to consolidated cases retaining their separate identity." But this goes against the nature of adjudications, which, as noted above, "forbids the idea of separate controversies being involved." *Id.* at 237, 61 P.2d at 989. Even after one or more of the exceptions is resolved, the decree may ultimately modify the order of determination in a way affecting other water users. And the character of the adjudication does not change upon appeal. *Id.* at 238, 61 P.2d at 989. Thus, the legislature has determined that an appeal may be taken only from the district court's decree, and certification as to only part of the whole matter necessarily results in piecemeal litigation and is improper in adjudication cases. While respondents suggest that, here, the Solarljos

matter involved water sources unconnected and unrelated to the others, such that this is not a typical adjudication, they have not supported that assertion and the State appellants and Eureka County disagree, indicating that the water sources involved are hydrologically connected and the concern of all Diamond Valley water users. As a result, we conclude that NRCP 54(b) certification was improvidently granted, such that we lack jurisdiction over this appeal.

Because we lack jurisdiction, we

ORDER this appeal DISMISSED.[2]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Hon. Gary Fairman, District Judge
Attorney General/Carson City
Allison MacKenzie, Ltd.
Eureka County District Attorney
Kaempfer Crowell/Reno
Schroeder Law Offices, P.C.
Taggart & Taggart, Ltd.

---

[2]In light of this order, we deny appellants' stay motion and vacate our March 1 temporary stay.

U.S. Department of Justice/Boise
Woodburn & Wedge
Dotson Law
Robertson, Johnson, Miller & Williamson
Steven D. King
Eureka County Clerk