TRUCK INSURANCE EXCHANGE, APPELLANT, v. STATE INDUSTRIAL INSURANCE SYSTEM, A PUBLIC AGENCY OF THE STATE OF NEVADA, RESPONDENT.

No. 21840

December 30, 1991                                    823 P.2d 279

*Beckley, Singleton, DeLanoy, Jemison & List,* and *Daniel F. Polsenberg,* Las Vegas, for Appellant.

*Riley M. Beckett and Laurie A. Yott,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

On November 4, 1986, Jericho DeGrave (DeGrave), an employee of Hanna-Epphrecht Nissan, was injured while driving his employer's vehicle within the scope of his employment. He received $7,105.26 from the State Industrial Insurance System (SIIS) in compensation for his injuries. SIIS brought suit against Truck Insurance Exchange (TIE) for subrogation against the uninsured/under-insured motorist (UM) proceeds available to DeGrave under his employer's insurance policy. The district court granted judgment in favor of SIIS.

TIE argues on appeal that SIIS is not entitled to subrogation against an employer's UM policy. We agree.

NRS 616.560 grants subrogation rights to worker's compensation insurers. NRS 616.560 provides in relevant part:

> Liability of third parties for damages; reduction of compensation; subrogation of insurer to employee's rights; lien on proceeds of recovery; jury instructions.
>
> 1. When an employee coming under the provisions of this chapter receives an injury for which compensation is payable under this chapter and *which injury was caused under circumstances creating a legal liability in some person . . . to pay damages* in respect thereof:
>
> (a) *The injured employee . . . may take proceedings against the person to recover damages,* but the amount of the compensation to which the injured employee or his dependents are entitled under this chapter . . . must be reduced by the amount of the damages recovered . . . .
>
> (b) If the injured employee . . . receive[s] compensation under this chapter, *the insurer has a right of action against the person so liable to pay damages and is subrogated to the rights of the injured employee . . . .*
>
> . . . .
>
> 2. In any case where the insurer is subrogated to the rights of the injured employee or one of his dependents as

provided in subsection 1, *the insurer has a lien upon the total proceeds of any recovery from some person other than the employer, whether the proceeds of such recovery are by way of judgment, settlement or otherwise.* The injured employee, or in the case of his death his dependents, are not entitled to double recovery for the same injury . . . .

(Emphasis added.) This court has considered whether subrogation is allowed against a UM policy in Continental Casualty v. Riveras, 107 Nev. 530, 814 P.2d 1015 (1991). There, this court "questioned" SIIS' authority to assert a lien against a UM insurance carrier. *Id.* at 532 n.2, 814 P.2d at 1017 n.2. We stated that NRS 616.560 subsection (1)

addressed SIIS's right of subrogation against a recovery obtained by the injured employee against a third-party tortfeasor. The injured employee's entitlement to coverage from his own insurance policy is based upon contract; therefore, SIIS is not authorized to reduce worker's compensation benefits by the amount recovered under the employee's policy.

Subsection (2) does allow SIIS to place liens upon the total proceeds recovered from "some person other than the employer." NRS 616.560(2). However, this subsection also provides no basis for an assertion of the right by SIIS to impose a lien against the [UM] payments. Subsection (2) only applies to those persons "as provided in Subsection (1)." Because [the UM carrier] is not a tortfeasor, it does not fall within the purview of either subsection (1) or (2).

*Id. Riveras* is the controlling authority for the case before us. A UM carrier is not a third-party tortfeasor which owes a duty to SIIS. Here, Hanna-Epphrecht Nissan sought to protect its employees by purchasing UM coverage. TIE, as the UM carrier, is not a third-party tortfeasor against whom subrogation is allowed as contemplated by NRS 616.560. We hold that SIIS may not subrogate against UM proceeds available to DeGrave through his employer's insurance policy.

The remaining issue in this case has also been settled by *Riveras*. There, we held that an offset provision in the policy which reduces the insurance benefits by the amount the insured receives from SIIS is valid. *Riveras*, 107 Nev. at 534, 814 P.2d at 1018. The goal of UM coverage is to make the claimant whole. The offset clause prevents a double recovery by the claimant.

Accordingly, the judgment of the district court is reversed.