STATE INDUSTRIAL INSURANCE SYSTEM, A PUBLIC AGENCY OF THE STATE OF NEVADA, PETITIONER, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE DONALD M. MOSLEY, DISTRICT JUDGE, RESPONDENTS, MONARCH BEVERAGE COMPANY, DBA COORS OF LAS VEGAS, AND CRAIG MYTTON, REAL PARTIES IN INTEREST.

No. 24300

January 24, 1995                                888 P.2d 911

*Riley M. Beckett* and *Laurie A. Yott,* Carson City, for Petitioner.

*Samuel A. Harding; Peter L. Flangas; Thorndal, Backus, Armstrong & Balkenbush,* and *Brian K. Terry,* Las Vegas, for Real Parties in Interest.

## OPINION

By the Court, YOUNG, J.:

### FACTS

The facts relevant to this petition are not in dispute. Art Axas ("Axas"), an employee of Von's Grocery Store, was injured at work when a stack of water bottles crashed on top of him. The accident was caused by a forklift driver employed by Monarch Beverage Company. Axas was injured in the course of his employment and therefore petitioner the State Industrial Insurance System ("SIIS") began paying him insurance benefits. As of January 8, 1993, SIIS had paid Axas approximately $73,000.00.

Axas filed a lawsuit against respondents Monarch Beverage Company and the driver, Craig Mytton, (collectively "Monarch") in the Eighth Judicial District Court on June 13, 1990. On February 2, 1993, SIIS sought to intervene in the action. Plaintiff's counsel welcomed SIIS's assistance. Monarch, however, opposed the intervention. On March 18, 1993, the district court denied SIIS's request to intervene, reasoning that its lien and subrogation rights were adequately represented by Axas' counsel.

The court also reasoned that SIIS's participation in the lawsuit would only serve to confuse the jury and complicate the litigation process.

SIIS petitions this court for a writ of mandamus, claiming that it has a right to intervene in accordance with NRS 616.560 and NRCP 24. We agree and accordingly grant the petition for a writ of mandamus.

## DISCUSSION

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *see also* Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981). A writ of mandamus will not issue, however, if petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. *See* NRS 34.170.

As a preliminary matter, we note that this petition is appropriate for writ of mandamus consideration because SIIS has no adequate remedy at law. The application to intervene was denied by the district court and therefore SIIS is not a party to this action. Thus, it cannot appeal the district court's order. Aetna Life & Casualty v. Rowan, 107 Nev. 362, 812 P.2d 350 (1991).

NRCP 24 governs intervention of right with the following pertinent language:

> **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

As indicated by the rule, intervention of right may exist through two different avenues. First, the right may be specifically conferred by statute. Second, the party may have an interest in the action that is not being adequately represented by the existing litigants.

In the instant case, SIIS claims that it has a right to intervene in Axas' lawsuit under both subsections of NRCP 24(a). Specifically, SIIS claims that this right is statutorily established by the following pertinent language of NRS 616.560:

1. When an employee coming under the provisions of this chapter receives an injury for which compensation is payable under this chapter and which was caused under circumstances creating a legal liability in some person, other than the employer or a person in the same employ, to pay damages in respect thereof:

(a) The injured employee, or in case of death, his dependents, may take proceedings against that person to recover damages, but *the amount of the compensation* to which the injured employee or his dependents are entitled under this chapter, including any future compensation under this chapter, *must be reduced by the amount of the damages recovered,* notwithstanding any act or omission of the employer or a person in the same employ which was a direct or proximate cause of the employee's injury.

(b) If the injured employee, or in case of death his dependents, receive compensation under this chapter, *the insurer,* or in case of claims involving the uninsured employers' claim fund or the subsequent injury fund, the administrator, *has a right of action against the person so liable to pay damages and is subrogated to the rights of the injured employee* or of his dependents to recover therefor. . . .

2. *In any case where the insurer or the administrator is subrogated* to the rights of the injured employee or of his dependents as provided in subsection 1, *the insurer or the administrator has a lien upon the total proceeds of any recovery from some person other than the employer,* whether the proceeds of such recovery are by way of judgment, settlement or otherwise. The injured employee, or in the case of his death his dependents, are not entitled to double recovery . . . .

(Emphasis added).[1]

SIIS points out that NRS 616.560 contemplates two different methods of obtaining reimbursement of industrial insurance benefits paid to the injured employee. The injured employee can file an independent action against a negligent third party and SIIS can sit back, wait for a recovery, and assert statutorily created lien rights. Conversely, NRS 616.560(1)(b) provides that SIIS has a right to file an independent action against the negligent third party. SIIS urges that this latter form of reimbursement, when literally applied, is a statutory right of intervention.

---

[1]NRS 616.560 was amended by the Nevada Legislature in 1993. 1993 Nev. Stat., ch. 265, § 188 at 742-45. The new provisions do not differ from the referenced language pertinent to this appeal and presumably do not undermine the integrity of this decision.

We agree. Although the right to intervene is not specifically provided in the language of the statute, the right exists by practical application. NRS 616.560(1)(b) provides SIIS with an independent right of action against Monarch. If this court were to deny intervention, there is nothing that would prohibit SIIS from filing its own lawsuit against Monarch. At that point, Axas would assuredly be joined as an indispensable party under NRCP 19, because his absence would leave Monarch susceptible to multiple or inconsistent obligations. SIIS, Axas, and Monarch would all be involved in the same lawsuit. This is the same result that follows if SIIS were simply allowed to intervene. Moreover, with two identical actions pending, the district court would be well-advised to consolidate. *See* Fernandez v. Infusaid, 110 Nev. 187, 193, 871 P.2d 292, 295 (1994).

This analysis illustrates that it is wholly inconsistent to recognize that SIIS has an independent right of action against Monarch on one hand and then to determine that it does not have a right to intervene in Axas' lawsuit on the other. As a result, we conclude that the district court erred by rejecting SIIS's petition for intervention.

Our conclusion is not only supported by the workings of NRS 616.560(1)(b), but also by salient policy considerations. It does not make judicial or economic sense to deny intervention and force SIIS to file an independent action against Monarch. It goes without saying that the taxpayers of this state should not be subject to such superfluous costs associated with public litigation. Intervention of right should be broadly construed because it protects precious judicial resources. Scotts Valley Band of Pomo Indians v. U.S., 921 F.2d 924 (9th Cir. 1990).

We also note that issues regarding undue confusion of the jury seem overstated by the district court. Oftentimes, juries hear cases where different litigants have a stake in one proceeding and are represented by different trial court counsel. In fact, SIIS has submitted an affidavit, informing this court that it routinely intervenes in the third party actions of its insureds. Certainly, the district court is free to marshall the trial proceedings in a way that dampens any confusion of having both SIIS and Axas sitting at the plaintiff's table.

As alternative support for issuing the writ of mandamus, we additionally conclude that SIIS had a right to intervene under NRCP 24(a)(2). Under this provision of our procedural rules, a petitioner has a right to intervene where the application was timely, its rights are impacted by the subject litigation, and its interests are not being adequately represented by the named

parties. Lundberg v. Koontz, 82 Nev. 360, 418 P.2d 808 (1966). It is undisputed that SIIS's request to intervene was timely and that it has interests in the underlying lawsuit. The only outstanding determination is whether its rights are being adequately represented by the participating litigants.

SIIS presents a compelling argument that it must be afforded the right to participate in Axas' lawsuit so that it can contribute to the litigation effort and ultimately preserve the size of its lien recovery. Our decision in Breen v. Caesars Palace, 102 Nev. 79, 85, 715 P.2d 1070, 1074 (1986), illustrates the merit of this argument. In *Breen,* we held that where an employer asserted a lien interest in its injured employee's negligence action against a third party, the employer had to reduce the amount of its lien recovery by a proportionate share of the litigation expenses. In other words, the employer could not obtain a windfall by sitting on the sidelines and relying upon the independent collection efforts of the injured worker. Where the injured worker pursues an independent cause of action against a negligent third party, the employer/lienholder must share in the litigation expenses. *Id.*

In the instant case, SIIS would avoid the proportionate reduction of its lien recovery by intervening in Axas' lawsuit and expending its own monies and efforts to obtain an adequate settlement or judgment. The formula established by *Breen* would not apply. By denying intervention, the district court prohibited SIIS from preserving the integrity of its statutory lien. In this sense, SIIS's interests were not being adequately represented by the named parties. Therefore, it had a right to intervene under NRCP 24(a)(2).

In light of the foregoing, we conclude that the district court had an absolute duty to allow SIIS's intervention in Axas' lawsuit. Accordingly, we grant this petition. The clerk of this court shall, forthwith, issue a writ of mandamus ordering the district court to immediately allow SIIS to intervene in this matter pursuant to NRCP 24.

Having concluded that SIIS has a right to intervene under the practical applications of NRS 616.560(1)(b), we need not consider the other contentions presented in SIIS's petitioning papers.

STEFFEN, C. J., and SPRINGER, J., concur.

ROSE, J., with whom SHEARING, J., joins, concurring:

I concur in granting this petition, but would do so on the basis that the district court abused its discretion in denying SIIS's motion to intervene, rather than declaring that SIIS has an absolute right to intervene in any suit brought by an injured worker who has received SIIS benefits against a third party.

The Legislature could have clearly and unequivocally given SIIS the right to intervene in every case brought by an injured worker against a third party. This was not done. Rather, the Legislature protected SIIS by giving it a statutory lien against the proceeds derived from any suit brought by an injured worker against a third party, and SIIS was given the right to file an independent action directly against the third party. NRS 616.560(1)(b). Intervention into an injured worker's suit was not given as a matter of right, but can be granted pursuant to NRCP 24(a)(2) on a discretionary basis when SIIS presents reasonable grounds for such participation.

The intervention of SIIS has been considered a discretionary right by our district courts and should continue to be handled in this manner absent clear legislative authority giving SIIS the right to intervene in all actions brought by injured workers. There are many cases where plaintiff's counsel is adequately protecting SIIS's interests. If a plaintiff shows that SIIS's involvement in its case is unwarranted and would unduly complicate the issues and mislead the jury, the district court should be able to determine that such intervention is not warranted.

SIIS argues that it can do indirectly what the right of intervention gives it directly, and therefore it should be given the absolute right of intervention. It is generally true that SIIS can file an independent action against the third party and then move that the case be consolidated with the pending lawsuit brought by the injured worker against that same party. Such a motion to consolidate will usually be granted and SIIS would indeed accomplish indirectly what I feel it does not have the right to do directly. However, there would still be reasonable discretion in the district court to determine that the consolidation of the cases is appropriate and no undue prejudice will be suffered by the injured worker.

NRS 616.560 provides adequate safeguards to permit SIIS to recoup money it paid to injured workers from third parties who are liable to the injured worker, and the right to intervene in every injured worker's lawsuit is unnecessary and not provided for by Nevada law.

In the instant case, SIIS felt that its intervention was necessary to protect its lien and the injured worker plaintiff welcomed such intervention and assistance. Monarch's claim that intervention would unduly complicate the case or confuse the issues is not compelling. Therefore, I conclude that the district court abused its discretion in not granting SIIS the right to intervene and concur in the result reached by the majority.