JOSEPH SILVERA, Appellant, *v.* EMPLOYERS INSURANCE COMPANY OF NEVADA, Respondent.

No. 33975

February 15, 2002                    40 P.3d 429

*Law Offices of Michael F. Bohn, Ltd.,* Las Vegas, for Appellant.

*Beckett & Yott,* Carson City, for Respondent.

## OPINION

By the Court, Agosti, J.:

Employers Insurance Company of Nevada ("EICON") is the primary provider of workers' compensation insurance to Nevada employers. Under NRS 616C.215(5), when an employee is injured on the job, EICON is subrogated to the employee's right to recover damages in certain circumstances and may place a lien "upon the total proceeds of any recovery."

In this appeal, we are asked to decide if EICON may assert a lien against an injured employee's recovery from an uninsured or underinsured motorist ("UM") insurance policy maintained by a party other than the employer or employee. We conclude that EICON is not permitted to place a lien against such a recovery.

On November 16, 1994, appellant Joseph Silvera, an employee of the Greater Nevada Auto Auction, was involved in an automobile accident with another motorist, Janet Springmeyer. The accident occurred within the course and scope of Silvera's employment with Auto Auction. Silvera sustained serious injuries. Toyota West owned the vehicle that was driven by Silvera.

Both Springmeyer and Toyota West carried automobile insurance. Springmeyer's policy limits were $15,000.00. Toyota West carried a fleet UM policy with MIC Property and Casualty Insurance Corporation ("MIC").

Silvera applied for and received workers' compensation benefits through EICON. The payments totaled $47,218.97. In addition, Silvera filed a lawsuit against and ultimately settled with both Springmeyer and MIC for the damages he sustained in the collision. Silvera settled the claim against Springmeyer for the policy maximum of $15,000.00 and settled with MIC for $135,000.00. EICON subsequently asserted that it had a right under NRS 616C.215 to place a lien against the MIC settlement proceeds.

Upon settling his claims against Springmeyer and MIC, Silvera moved in that action for adjudication of the lien rights being asserted by EICON. Specifically, Silvera asked the court to declare that EICON had no lien rights with respect to his recovery from MIC, and requested a refund of the amount paid to EICON. EICON was served with the motion and filed its opposition thereto.[1] The district court denied the motion, determining that EICON was entitled to assert the lien and that Silvera was not entitled to a refund. This timely appeal followed.

We review the district court's construction of NRS 616C.215 de novo.[2] Under NRS 616C.215, when an employee receives an injury for which compensation is payable, EICON may become

---

[1] While Silvera disputes whether Nevada law grants EICON subrogation rights to his recovery, Silvera does not dispute that EICON has properly filed a lien. Additionally, it was proper for the district court to adjudicate EICON's rights under that lien. See SIIS v. District Court, 111 Nev. 28, 32, 888 P.2d 911, 913 (1995) (recognizing the right of SIIS, EICON's predecessor, to intervene in order to assert its statutorily created lien rights); see also Gordon v. Stewart, 74 Nev. 115, 118, 324 P.2d 234, 236 (1958) (holding that the district court has incidental jurisdiction over issues concerning the establishment and enforcement of an attorney's lien).

[2] See County of Clark v. Upchurch, 114 Nev. 749, 753, 961 P.2d 754, 757 (1998).

subrogated to the employee's right to recover in two ways. First, EICON may become subrogated to an employee's right of recovery under NRS 616C.215(2) when the circumstances causing an employee's injury give rise to a legal liability in a person other than the employer or employee to pay damages.[3] Second, pursuant to NRS 616C.215(3)(b), EICON may· become subrogated to an employee's right to recover proceeds under the employer's UM policy; however, NRS 616C.215(3)(b) expressly precludes EICON from becoming subrogated to the employee's right to recover proceeds under the employee's own UM policy.[4] Once EICON is subrogated to an employee's right to recovery, NRS 616C.215(5) grants EICON authority to place a lien upon the recovery of such proceeds, unless the proceeds were recovered from the employee's employer.[5]

Neither party disputes that NRS 616C.215(3)(b) expressly permits subrogation against a UM policy maintained by the employer and prohibits subrogation against a UM policy maintained by the

---

[3]NRS 616C.215(2)(b) provides in pertinent part:

2. When an employee receives an injury for which compensation is payable pursuant to the provisions of chapters 616A to 616D, inclusive, or chapter 617 of NRS and which was caused under circumstances creating a legal liability in some person, other than the employer or a person in the same employ, to pay damages in respect thereof:

. . . .

(b) If the injured employee . . . receive[s] compensation pursuant to the provisions of chapters 616A to 616D, inclusive, or chapter 617 of NRS, the insurer . . . has a right of action against the person so liable to pay damages and is subrogated to the rights of the injured employee or of his dependents to recover therefor.

[4]NRS 616C.215(3)(b) provides in pertinent part:

3. When an injured employee incurs an injury for which compensation is payable pursuant to the provisions of chapters 616A to 616D, inclusive, or chapter 617 of NRS and which was caused under circumstances entitling him, or in the case of death his dependents, to receive proceeds under his employer's policy of uninsured or underinsured vehicle coverage:

. . . .

(b) If an injured employee . . . receive[s] compensation pursuant to the provisions of chapters 616A to 616D, inclusive, or chapter 617 of NRS, the insurer . . . is subrogated to the rights of the injured employee . . . to recover proceeds under the employer's policy of uninsured or underinsured vehicle coverage. The insurer and the administrator are not subrogated to the rights of an injured employee . . . under a policy of uninsured or underinsured vehicle coverage purchased by· the employee.

[5]NRS 616C.215(5) provides in pertinent part:

In any case where the insurer [EICON] . . . is subrogated to the rights of the injured employee or of his dependents as provided in subsection 2 or 3, the insurer . . . has a lien upon the total proceeds of any recovery from some person other than the employer, whether the proceeds of such recovery are by way of judgment, settlement or otherwise.

employee. The issue here, however, is whether EICON may assert subrogation rights against a UM policy that is maintained by a party other than the employer or employee. This involves an analysis of NRS 616C.215(2)(b), which grants subrogation rights to EICON whenever the circumstances causing an employee's injury give rise to a legal liability in a person other than the employer or employee to pay damages. We conclude that NRS 616C.215(2)(b) does not grant EICON a right of subrogation against a UM policy that is maintained by a party other than the employer or employee.

NRS 616C.215(2)(b) defines the subrogation rights of the workers' compensation insurer. This provision provides in relevant part:

> 2. When an employee receives an injury for which [workers'] compensation is payable . . . which was caused under circumstances creating *a legal liability in some person,* other than the employer or a person in the same employ, *to pay damages* in respect thereof:
>
> . . . .
>
> (b) . . . the insurer . . . has a right of action against the person so liable to pay damages and is subrogated to the rights of the injured employee . . . .

(Emphases added.) The statute allows subrogation only against someone with a "legal liability . . . to pay damages."

In the 1991 decision of *Truck Insurance Exchange v. SIIS,*[6] this court determined that a UM insurance company is not someone with a "legal liability . . . to pay damages" within the meaning of the subrogation statute. This court decided that only tortfeasors have a "legal liability . . . to pay damages," and NRS 616.560(1)(b) (now NRS 616C.215(2)(b)) grants the workers' compensation insurer subrogation rights only against those liable in tort, not those liable in contract.[7] Therefore, this court determined that the workers' compensation insurer did not have subrogation rights against the UM coverage purchased by the employer.[8] In response, the legislature enacted NRS 616C.215(3)(b) in 1993, which specifically grants the workers' compensation insurer subrogation rights against the UM coverage purchased by the employer. NRS 616C.215(3)(b) would have changed the result in *Truck Insurance Exchange.*

---

[6]107 Nev. 995, 823 P.2d 279 (1991).

[7]*Id.* at 996-97, 823 P.2d at 280-81.

[8]*Id.*

The legislature did not, however, change the language in the general subrogation statute. NRS 616C.215(2) (formerly NRS 616.560(2)) still allows subrogation only against those who have "a legal liability . . . to pay damages." In both *Continental Casualty v. Riveras*[9] and *Truck Insurance Exchange,* this court interpreted that language to grant subrogation rights to the workers' compensation insurer only against those liable in tort, not those liable in contract, like the UM carrier. When the legislature, in 1993, added a new provision allowing subrogation on employer-purchased UM policies, it retained the identical language in the general subrogation provision that this court interpreted to refer only to a third-party tortfeasor, not to a UM carrier.[10] It is presumed that the legislature approves the supreme court's interpretation of a statutory provision when the legislature has amended the statute but did not change the provision's language subsequent to the court's interpretation.[11] Moreover, we have repeatedly refused to imply provisions into the workers' compensation scheme that have not been expressly included by the legislature.[12] Thus, NRS 616C.215(2) cannot be read to allow subrogation of the workers' compensation insurer to the rights of the injured worker in a third party's UM insurance.

We conclude that there is no statutory provision that allows EICON to place a lien on the third-party MIC proceeds. Accordingly, we reverse the order of the district court and remand for further proceedings consistent with this opinion.

SHEARING and LEAVITT, JJ., concur.

---

[9]107 Nev. 530, 814 P.2d 1015 (1991).

[10]1993 Nev. Stat., ch. 265, § 188, at 742-43.

[11]*Northern Nev. Ass'n Injured Workers v. SIIS,* 107 Nev. 108, 112, 807 P.2d 728, 730 (1991).

[12]*See SIIS v. Wrenn,* 104 Nev. 536, 539, 762 P.2d 884, 886 (1988); *Weaver v. SIIS,* 104 Nev. 305, 756 P.2d 1195 (1988).