An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| AV BUILDER CORP., A CALIFORNIA CORPORATION,<br>Appellant,<br>vs.<br>THE LAW OFFICES OF CRAIG D. FULLER,<br>Respondent. | No. 61569 |
| AV BUILDER CORP., A CALIFORNIA CORPORATION,<br>Appellant/Cross-Respondent,<br>vs.<br>THE LAW OFFICES OF CRAIG D. FULLER,<br>Respondent/Cross-Appellant | No. 62934 |

**FILED**

SEP 2 9 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

These are consolidated appeals involving an appeal from a district court summary judgment in a contract action and an appeal and cross-appeal from a post-judgment order awarding costs and denying attorney fees. Eighth Judicial District Court, Clark County; Allan R. Earl, Judge.

Appellant/cross-respondent AV Builder Corp. sued respondent/cross-appellant The Law Offices of Craig D. Fuller for payment for destructive testing services that AV Builder performed in relation to Fuller's participation in construction defect litigation. Claiming that AV Builder lacked the required license when it contracted to perform and rendered its services, Fuller filed a motion for summary judgment, arguing that NRS 624.320 barred AV Builder's suit. NRS 624.320 states:

> No person, firm, copartnership, corporation, association or other organization, or any combination of any thereof, engaged in the

14-32216

business or acting in the capacity of a contractor *shall bring or maintain any action* in the courts of this State for the collection of compensation for the performance of any act or contract for which a license is required by this chapter *without alleging and proving* that such person, firm, copartnership, corporation, association or other organization, or any combination of any thereof, was a duly licensed contractor at all times during the performance of such act or contract and when the job was bid.

(Emphases added.) AV Builder argued that NRS 624.320 did not bar its suit because it substantially complied with the licensure statutes and Fuller would be unjustly enriched if the statute were applied.

During a hearing on the motion, the district court expressed its belief that NRS 624.320's plain meaning required it to grant summary judgment in favor of Fuller. When presented with Nevada caselaw that provided exceptions to NRS 624.320's requirements, the district court conveyed that it was bound by the statute's language and that the caselaw that suggested otherwise was "dangerous" precedent that would permit a district court to use an "equitable doctrine" and its "own discretion" to determine "when and how to enforce a statute that's so clear." It also reasoned that if the evidence that Fuller submitted as part of a motion for judicial notice was "accurate," then AV Builder could not prevail on its substantial compliance theory. Accordingly, the district court granted summary judgment in favor of Fuller. In its order, the district court made findings based on the evidence proffered by the parties.

On appeal, AV Builder contends that the district court erred in granting summary judgment. Pursuant to our de novo review of the summary judgment, caselaw, and statutory language, we agree. *See Liu v. Christopher Homes, LLC*, 130 Nev. ___, ___, 321 P.3d 875, 877 (2014)

(reviewing the meaning and the district court's application of caselaw de novo); *Ransdell v. Clark Cnty.*, 124 Nev. 847, 854, 192 P.3d 756, 761 (2008) (stating that issues of statutory interpretation are reviewed de novo).

*The effect of Nevada precedent on NRS 624.320*

NRS 624.320 conditions "any action . . . for the collection of compensation" by any person or entity "engaged in the business or acting in the capacity of a contractor" on that person or entity maintaining a valid contractor's license "during the performance of such act or contract and when the job was bid." Much like the district court's interpretation of the statute, Fuller reads NRS 624.320 as prohibiting an action by an unlicensed contractor regardless of whether the contractor substantially complied with the licensing statutes or if unjust enrichment might result.

In ascertaining the meaning of a statute, we consider the decisions of this court that inform the statute's meaning and application. *See Miller v. Lockett,* 457 N.E.2d 14, 17 (Ill. 1983) ("When this court interprets a statute, . . . that interpretation is considered as a part of the statute itself unless and until the legislature amends it contrary to the interpretation."); *Karl v. Uptown Drink, LLC,* 835 N.W.2d 14, 17 (Minn. 2013) ("Once we interpret a statute, our interpretation becomes part of the statute as though written therein." (internal quotations omitted)); *Fechtig v. City of Albany,* 946 P.2d 280, 286 (Or. Ct. App. 1997) (providing that the state "Supreme Court's statutory interpretations are considered to be part of the statutes themselves, subject only to subsequent legislative change"); *cf. Silvera v. Emp'rs Ins. Co. of Nev.,* 118 Nev. 105, 109, 40 P.3d 429, 432 (2002) (explaining that when this court interprets a statute and the Legislature subsequently amends the statute without changing the interpreted language, it is presumed that the Legislature approved of this court's interpretation). Furthermore, a district court is not free to

disregard this binding precedent. *See, e.g., Eulitt ex rel. Eulitt v. Maine, Dep't of Educ.*, 386 F.3d 344, 349 (1st Cir. 2004) (holding that a district court must follow binding precedent "unless it has unmistakably been cast into disrepute by supervening authority").

Here, in granting summary judgment to Fuller, the district court disregarded established Nevada precedent demonstrating that, although NRS 624.320 prohibits direct recovery for compensation, an unlicensed contractor may nonetheless be able to recover under certain alternative theories, such as unjust enrichment or substantial compliance. *See Day v. W. Coast Holdings, Inc.*, 101 Nev. 260, 265, 699 P.2d 1067, 1071 (1985) (applying an unjust enrichment exception to NRS 624.320's requirements); *Nev. Equities, Inc. v. Willard Pease Drilling Co.*, 84 Nev. 300, 302-03, 440 P.2d 122, 123 (1968) (holding that NRS 624.320 does not bar an improperly licensed contractor's claim where the contractor substantially complied with the licensure statutes); *Magill v. Lewis*, 74 Nev. 381, 387, 333 P.2d 717, 720 (1958) (holding that NRS 624.320 does not bar an unlicensed contractor's unjust enrichment claim based on the defendant's fraud); *see also Leven v. Frey*, 123 Nev. 399, 406-07, 168 P.3d 712, 717 (2007) (providing that this court determines whether substantial compliance with a statute is permissible based on a statute's provisions, policy, and equity).

Since our cases interpreting NRS 624.320 are binding precedent, the district court erred in granting summary judgment without considering these cases. *See, e.g., Eulitt*, 386 F.3d at 349. In addition to holding that the district court erroneously failed to consider this court's precedent, we address whether the district court erred in finding no

genuine issue of material fact as to when AV Builder lost its contractor's license.

*The evidence on which the district court relied*

In determining whether the district court erred in granting summary judgment, we consider whether genuine issues of material fact remained with respect to AV Builder's claims and theories of liability, such that "a rational trier of fact could return a verdict for the nonmoving party." *Wood v. Safeway, Inc.*, 121 Nev. 724, 731, 121 P.3d 1026, 1031 (2005). The party who moves for summary judgment has the burden of showing the absence of genuine issues of material fact. *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007). If that party does not bear the burden of persuasion at trial, he or she may satisfy this burden by pointing to "'an absence of evidence to support the nonmoving party's case.'" *Id.* at 602-03, 172 P.3d at 134 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Generally, to defeat the motion for summary judgment, the nonmoving party must submit admissible evidence to show a genuine issue of material fact. *Id.* at 603, 172 P.3d at 134.

This matter presents a unique set of circumstances that warrants a remand for an inquiry into the genuine issues of material fact. The dates of AV Builder's licensure are significant to its action against Fuller, as the dates are relevant to AV Builder's claims and theories of liability that presuppose the presence or absence of a license at the times it contracted with Fuller and rendered its services. Indicating a genuine issue of material fact about when AV Builder had and subsequently lost its license, AV Builder submitted its manager's declaration, which stated that it lost its license "at some point in 2004" and gained a new license in

June 2005. Possibly indicating that the time period for which AV Builder lacked a license was not a genuine issue of material fact, Fuller requested judicial notice of information in letters drafted by the Nevada Contractors Board, which identified that the expiration date for AV Builder's license was in August 2003 and that its license was suspended by January 2, 2004. AV Builder contested this motion, disputing whether the information in the letters was suitable for judicial notice and challenging the letters' admissibility.

The district court left the motion for judicial notice and the objections to the letters unresolved. During a hearing, the district court expressed that AV Builder could not prevail on its substantial compliance theory if the information in the Board's letters was "accurate," and in its summary judgment order, the district court based its findings on the evidence presented at the hearing. Thus, in making its findings, the district court relied on objected-to evidence and information that was subject to an unresolved motion for judicial notice.

Granting summary judgment involves evaluating the presence or absence of *admissible* evidence and whether it establishes genuine issues of material fact. *See Cuzze*, 123 Nev. at 602-03, 172 P.3d at 134. Furthermore, when deciding a summary judgment motion, all evidence must be viewed in a light most favorable to the nonmoving party. *Wood*, 121 Nev. at 729, 121 P.3d at 1029. Here, the district court's evaluation was incomplete, as it failed to resolve the admissibility and the judicial notice of the evidence and information on which it relied for its determination. In light of its incomplete evaluation of this evidence and the presence of evidence suggesting that AV Builders had a license during some portion of

the time relevant to its claims, the district court erred by concluding that a genuine issue of material fact did not exist.

*Conclusion*

For the reasons discussed above, we conclude that the district court erred by granting summary judgment without properly considering relevant caselaw and despite the presentation of conflicting evidence.[1] Therefore, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[1]By directing the district court to binding precedent, we are not commenting on whether the present situation fits within any of the alternative theories discussed in these cases. This is a factual issue for the district court to consider on remand. In addition, we are not suggesting that the cases cited above are necessarily the only cases which are relevant to this issue.

[2]Based on our determinations above, the district court's order regarding costs and attorney fees is necessarily reversed and remanded, and we need not reach Fuller's cross-appeal of the post-judgment order denying attorney fees.

cc: Hon. Allan R. Earl, District Judge
Thomas J. Tanksley, Settlement Judge
Marquis Aurbach Coffing
Fuller Jenkins/San Diego
The Clarkson Law Group, P.C.
Bourassa Law Group, LLC
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A